UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-60867-CIV-SMITH

JOSE EDUARDO MEJIA TIU,

      Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL
CENTER, *et al.*,

      Respondents.

_____/

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court upon Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1].  Upon consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, the Court finds that Petitioner is being unlawfully detained due to his improper classification as "an alien who is an applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2)(A).  The Court finds that Petitioner's proper classification is as a detainee pursuant to 8 U.S.C. § 1226(a).  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 n.13 (7th Cir. 2025) (noting that "Defendants' recent reliance on § 1225(b)(2)(A) to detain noncitizens discovered within the United States upends decades of practice. Before July 8, 2025, DHS's long-standing interpretation had been that § 1226(a) applied to those who have crossed the border between ports of entry and are shortly thereafter apprehended." (internal quotation marks and citation omitted)).  Mandatory detention of all persons illegally in the United States only became official DHS policy when Acting Director of ICE Todd M. Lyons issued an internal memorandum on July 8, 2025 (the "ICE Internal Memo"), explaining that the agency "revisited its legal position" on the applicability of §§ 1225(b) and 1226(a).  *Castañon-Nava*, 161

1

F.4th at 1062 n.13 (citation omitted); *see also Gonzalez v. Sec'y, Dep't of Homeland Sec.*, No. 2:25-CV-1047-KCD-DNF, 2025 WL 3677101, at *1 (M.D. Fla. Dec. 18, 2025) (finding that federal regulations provide that aliens detained within the United States who have been here for years before their detention are entitled under § 1226(a) to receive a bond hearing at the outset of their detention).

Respondents argue that (1) Petitioner has failed to fully exhaust his administrative remedies and (2) this Court lacks subject matter jurisdiction over the Petition.  (Resp. 12–17; *see Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (holding that courts reviewing § 2241 petitions may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense" (citation omitted).)  However, neither argument is persuasive.

To begin, courts in this circuit have recognized that "exhaustion in the § 2241 context can be excused" if a petitioner can demonstrate that "pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks."  *Alarcon v. Gallagher*, No. 19-cv-04447, 2021 WL 9385236, at *3 (N.D. Ga. 2011) (collecting cases); *see also Castro v. Parra, et al.*, 26-cv-20422-BLOOM, 2026 WL 788019, at *2 (S.D. Fla. Mar. 20, 2026) (recognizing that "any request for a bond hearing would have been futile given the Board of Immigration Appeals' ('BIA') recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025)").  And courts across the nation have ruled that (1) an "administrative appellate record is not necessary to resolve the purely legal question" "of whether a non-citizen is entitled to a bond hearing under 8 U.S.C. § 1226(a)," *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 966–67 (D. Minn. 2025) (alterations adopted), and (2) the text of § 2241 does not mandate exhaustion, leaving "the decision to require exhaustion . . . within the sound discretion of the court," *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 778 (E.D. Mich. 2025) (citations omitted).  Respondents' claim that immigration judges

and the BIA "can consider constitutional challenges to the INA" is insufficient to show that the administrative process could afford Petitioner the relief he seeks, as the existence of the ICE Internal Memo indicates that "administrative review is not likely to change Respondents' position that Section 1225(b)(2)(A) applies in this context." *Lopez-Campos*, 797 F. Supp. 3d at 778.  The Court thus concludes that any attempt at exhaustion by Petitioner would be "futile." *Castro*, 2026 WL 788019, at *2; *Alarcon*, 2021 WL 9385236at *3.  Therefore, Petitioner's alleged failure to exhaust is excused in this matter.

Additionally, Respondents argue that two statutes—8 U.S.C. § 1252(g) and 8 U.S.C. § 1225(b)(2)—deprive this Court of jurisdiction.  However, neither statute applies here.

First, Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter," "notwithstanding any other provision of law . . . or any other habeas corpus provision," except as provided in § 1252. 8 U.S.C. § 1252(g).  The United States Supreme Court has narrowly read § 1252(g), emphasizing that it does not apply to "all claims arising from deportation proceedings" or otherwise impose "a general jurisdictional limitation." *Reno v. Am.-Arab Anti-Discrimination Comm'n*, 525 U.S. 471, 482–83 (1999).  Instead, it was "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Id.* at 485 n.9.  Further, the statute's "arising from" language has also been interpreted narrowly.  In *Jennings v. Rodriguez*, the Supreme Court cautioned that § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." 583 U.S. 281, 294 (2018).  Thus, to determine whether a claim "arise[s] from" one of the statutorily covered actions, courts in the Eleventh Circuits have "focus[ed] on" whether the "action being

challenged" fall within any of the "discrete actions" listed in the statute. *Camarena v. Dir. Immig. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (quoting *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257–58 (11th Cir. 2020)). This case does not concern prosecutorial discretion, nor does it challenge one of the three discrete actions outlined in the statute; instead, it challenges the "statutory framework that permits [Petitioner's] detention without bail." *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Therefore, § 1252(g) does not apply in this case.

Second, § 1252(b)(9) limits a court's ability to "review all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States," requiring that such claims be raised only on "review of a final order." 8 U.S.C. § 1252(b)(9). "The language of section 1252(b)(9) unambiguously divests all courts of habeas jurisdiction over cases that fall within its purview." *Madu v. United States Att'y Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006). However, the statute "is equally clear that subsection (b)(9) applies only '[w]ith respect to review of an order of removal.'" *Id.* (quoting *INS v. St. Cyr.*, 533 U.S. 289, 313 (2001) (citing 8 U.S.C. § 1252(b))) (emphasis added). As outlined by the United States Supreme Court, "§ 1252(b)(9) does not present a jurisdictional bar" where a respondent is "not challenging the decision to detain them in the first place." *See Jennings*, 583 U.S. 294–95. Petitioner is not challenging a final order of removal; in fact, it is unclear on this record that he is even subject to a final order of removal. And despite Respondents' argument otherwise, Petitioner's challenge is more appropriately read as challenging the statutory framework on which Respondents' rely pursuant to Petitioner's detention. *See Jennings*, 583 U.S. at 294–95; *Kim*, 538 U.S. at 517. Therefore, § 1252(b)(9) is similarly inapplicable in this case.

4

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **GRANTED**:

1.      Within 10 days of the date of this Order, Respondents shall provide Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a).

2.      Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

3.      Respondents shall, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

4.      All pending motions are **DENIED as moot.**

5.      This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 19th day of May, 2026.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:     **counsel of record**

**Jose Eduardo Mejia Tiu,** *pro se*
A# 246447508
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073